FILED
SUPERIOR COURT
OF GUAM

2012 OCT -4 AM 8: 49

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT
OF GUAM**

RADHI P. HEMLANI, individually and in her capacity as Executrix of the Estate of P.D. Hemlani,

                    Plaintiff

        vs.

RK INCOPRORATION,

               Defendants.

Civil Case no. CV0525-11

**Decision and Order**

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam Defendant's Motion to Dismiss for Failure to Prosecute and Motion to Bar Action was taken under advisement on August 8, 2013 and October 7, 2013 respectively. Plaintiff was represented by attorney William M. Fitzgerald. Defendant was represented by attorney Peter F. Perez. After having carefully considered, received, and reviewed the arguments, papers, and the file herein the Court hereby DENIES Defendant's motions.

## BACKGROUND

This matter arises out of Plaintiff's March 24, 2011, pleading entitled, Complaint on Promissory Note. In it Plaintiff alleges Defendant executed a September 18, 2002 promissory note payable to Plaintiff for $120,000.00 with an annual interest rate of 18%. In their pleading Plaintiff seeks a judgment against the Defendant for $120,000.00, together with 12% annual interest from November 1, 2007 to March 1, 2011.

**Motion to Bar Action**

On April 18, 2011, Defendant filed a paper entitled, Memorandum in Support of Motions to Bar Action and Stay of Proceedings and Dismissal. In it Defendant asserts that that Plaintiff

is engaged in a business of money lending and does not have the necessary business licenses. Citing Sections 70101, 70122, 70131 and 70132 of Title 11 of the Guam Code Defendant reasons that Plaintiff's pleading should be stayed or dismissed.

Plaintiff filed his opposition to Defendant's motion to bar on September 23, 2013. In its paper Plaintiff argues that Defendant has misapplied the Guam Code to the facts of this case. In support of this argument Plaintiff cites to the Guam Supreme Court's analysis in *Castino v. GC Corporation*, of the Superior Court's decision to dismiss a case on subject jurisdictional grounds for a party's failure to comply with a mechanics lien statue. Plaintiff's further argue that Defendant has failed to assert sufficient facts to establish that under the applicable sections of the Guam Code, Plaintiff needs to obtain a business license.

Defendant did not file a paper in reply.

**Failure to Prosecute**

On September 13, 2012, Defendant served Plaintiff with a paper entitled, Motion and Memorandum to Dismiss for Failure to Prosecute. A review of the file reveals that Defendant's motion was not filed with the Court.

Plaintiff filed his opposition to Defendant's motion on June 18, 2013. In it Plaintiff asserts that the reason for the inaction in this case has been due to the failure of Defendant as the moving party to secure a hearing date pursuant to the Court's Prior Local Rule 7.1. Plaintiff further sets forth an outline of the communications and events that led to a delay in this matter being timely heard. Plaintiff argues that a unbiased consideration of these facts under the standard established by the Guam Supreme Court in *Quitugua v. Flores*, support a denial of Defendant's motion.

Defendant filed its reply on July 2, 2013. In it Defendant's argue that its inability to set a hearing date for its motion does not justify Plaintiff's inaction. In support of this argument Plaintiff cites to the newly promulgated Rule 16.4 of the Local Rules of the Superior Court. Defendant also cites to Plaintiff's lack of action after September 13, 2012 motion.

# DISCUSSION

## Rule 41(b) Failure to Prosecute

Rule 41(b) of the Guam Rules of Civil Procedure regulates the involuntary dismissal of an action. Guam R. Civ. P. 41(b). It provides,

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits

*Id.* Applying this rule to the review of a Guam Superior Court's dismissal, the Guam Supreme Court recently re-iterated the five factors a trial court should consider when applying Rule 41(b). *Guam Economic Development Authority v. Affordable Home Builders, Inc.*, 2013 Guam 1 ¶ 11. These are:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the defendants;
4. The public policy favoring the disposition of cases on their merits; and
5. The availability of less drastic sanctions.

*Id.* Of particular note in the Court's GEDA decision were its holdings that, "[i]n order to warrant dismissal for failure to prosecute, the record of delay should be clear" and "that conduct that occurs only once or twice will not suffice." *Id.* at 15.

In this case the Plaintiff's pleading was filed on March 24, 2011. Other than the filing of Defendant's requests to bar and dismiss there have been no other significant filings in this matter. Furthermore, since the receipt of Defendant's motion to dismiss it does not appear that Plaintiff has taken any affirmative steps to comply with the Rules of Civil procedure designed to facilitate discovery and set a timely method of the disposition of the disputed issues. The Court is not persuaded that Plaintiff's change in attorney and the other facts asserted in its

papers justify a two and one half year delay in moving the matter forward. However, it is also clear from the facts asserted in the file that Defendant has been less than expeditious in setting hearing dates for his motions.

Applying the above facts to the factors set forth above the Court finds that factors one and two favor dismissal. The pleading in this matter does not appear to be complicated or difficult to resolve and the length of the delay here significantly affects the public's interest of expeditious litigation and the Court's ability to maintain its docket.

The Court is not persuaded that sufficient facts have been asserted to justify a finding that these factors three, four and five support dismissal. There has not been an adequate showing of prejudice to the Defendant or a showing that Plaintiff has despite lesser warning sanction from the Court continued to act in a dilatory manner. *Guam Economic Development Authority*, 2013 Guam 1 ¶ 15. Absent this the Court is unwilling to dismiss this matter for failure to prosecute.

**Motion to Bar**

Defendant requests that Plaintiff's failure to obtain a business license for his alleged money-lending activities justify the Court's bar or dismissal of the instant action. Mot. at 2-5. In support of this argument it asserts that over a 20 year period Plaintiff engaged in 67 mortgage securing promissory notes. Based upon this bare assertion the Court is not persuaded that 11 GCA § 70131 applies to the facts of this case or that there is sufficient evidence of a business. Section 70103 excludes many types of actions that without further assertions of fact may reasonable fall outside of the applicable definitions. *Id.* at §§ 17103(c), (e), (e)(1),(e)(7), and (e)(8). Absent a further showing the Court is unable to begin to analysis of the applicability of the statue.

## CONCLUSION

Based on the foregoing, the Defendant's motion to bar and dismiss and dismiss for failure to prosecute are DENIED. Within 14 days of this order the Parties shall submit a proposed stipulated expedited scheduling and discovery order containing a proposed trial date set to occur within the next 6 months.

SO ORDERED, this _____ day of ___OCT._____ 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

OCT 0 4 2013

Glenrie J. Mendiola
Deputy Clerk, Superior Court of Guam